DOMENICO MANFREDI *vs.* JOSEPH McAULIFFE.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and CURTIS, Js.

Without some information respecting the nature of the direct examination, this court cannot say that a question excluded on cross-examination was relevant and admissible for the purposes for which it was claimed.

A tenant, sued in summary process, testified that he went four times to the landlord's house to pay the rent but was unable to find him. The following day the tenant wrote the landlord a letter in which he complained of a stoppage in the water pipes, but made no mention of his alleged efforts to pay the rent, nor did he offer to pay it. *Held* that the letter was properly admitted in evidence in rebuttal.

A landlord who has been in the habit of accepting, in part payment for the rent, receipted bills of his tenant for material purchased for repairs upon the leased premises, may give the tenant notice that such bills will no longer be received, and the tenant is thereafter obliged to pay his rent in money as prescribed by the terms of the lease.

A plaintiff in error cannot complain of an instruction to the jury which was too favorable to him.

Submitted on briefs October 29th—decided December 17th, 1918.

WRIT OF ERROR to reverse a judgment of the City Court of Waterbury (*Larkin, J.*), for the plaintiff McAuliffe in summary process, brought to the October term, 1918, of this court held in Bridgeport. *No error.*

*Francis P. Guilfoile,* for the plaintiff.

*Edward B. Reiley, Jr.,* for the defendant.

BEACH, J. The errors assigned are as follows: The lessor was asked on cross-examination whether he had not brought a previous action of summary process against the lessee in respect of the same lease, and the question was excluded. It was claimed to affect the credibility of the witness, to impeach his good faith in bringing the second action, and in support of the allegation of the defense that the lessor had by his own acts prevented the payment of the August rent. As the bill of exceptions gives us no information about the direct examination, we are unable to say that the excluded question was proper cross-examination for any of the purposes for which it was claimed.

By the terms of the lease it terminated if the rent was not paid on or before the 10th day of each month. The lessee testified that he went to the lessor's house four times for the purpose of paying the August rent, the last visit being on August 9th, 1916, but was unable to find the lessor. In rebuttal the lessor introduced a letter from the lessee dated August 10th, 1916, which complained that the water pipes in the rented premises were stopped up, but made no mention of these four visits and contained no offer to pay the August rent. This letter was admissible in rebuttal.

The lease provided that the lessor should furnish all materials and the lessee all labor for ordinary repairs. The lessee in his second defense alleged that he was ready and willing to pay rent according to the custom of the parties and in the manner in which plaintiff had previously directed; and offered evidence to show that the lessor had been in the habit of accepting receipted bills for materials purchased by the

lessee in part payment of rent, although he had protested. Under these circumstances there was no error in admitting some of the receipted bills when offered by the lessor.

In June, 1916, the lessor gave notice that he would not thereafter accept receipted bills for materials in payment of rent, but would furnish the materials himself according to the terms of the lease. The lessee then offered to pay the July rent partly in receipted bills for materials bought before June, and a dispute arose in consequence of which the July rent remained unpaid. The lessee claimed that on his last visit to the lessor's house on August 9th, he had with him $250 in cash and $70 in receipted bills to pay the July and August rent, amounting to $320. After the case had been submitted to the jury they returned for further instructions as to whether Manfredi was bound to tender the August rent in money alone, or whether a tender of money and receipted bills was sufficient, and the court instructed the jury that this was a question of fact for the jury to decide on the evidence.

This instruction was erroneous. The jury should have been told that Manfredi was bound to tender the August rent in money alone, because it does not appear from the bill of exceptions that any sufficient foundation had been laid for a claim that the lease had been modified by a later agreement of the lessor to accept anything except money in payment of the August rent. In this respect the charge was too favorable to the plaintiff in error, and he is not entitled to a new trial on that ground.

There is no error.

In this opinion the other judges concurred.